O’Neall, J.
delivered the opinion of the Court.
The plaintiff’s right to recover is placed, in the case made on the circuit, on the validity of the resales; and we are now informed, that the declaration is framed so as to cover that alone, and that there is no count on the original sale, unconnected with the re-sale.
It may be that if the plaintiff had rested his case upon the original sale alone, that he might have recovered, and that the defendant would have been entitled to have had titles made to the land, and to have recovered it. But we do not intend *306 to prejudge this matter. Our inquiry will be confined to the case¡ as jt stands, — is the plaintiff entitled to charge the de-Cendant with the loss on the re-sales? We think not; and it is my purpose, as briefly as possible, to state the reasons.
P' Acts of’39, 37.
2 Strob. 226.
In the 58th sec. of the Act of ’39, the following provision is found. — “ Every sheriff’s sale made by virtue of the directions of an execution, shall be for cash; and if the purchaser shall fail to comply with the terms aforesaid, the sheriff shall proceed to resell at the risk of the defaulting purchaser, either on the same or some subsequent sale day, as the plaintiff may direct, and in the absence of any direction by the plaintiff, the sheriff shall resell on the same day, if practicable, and if not, on the next succeeding sale day, making, in every such case, proclamation that he is reselling at the risk of such defaulting former purchaser.”
When this case was before the Court at a former session, the Court, speaking by my brother Wardlaw, plainly intimated the opinion, that unless the plaintiff could shew that he had acted by the direction of the plaintiff in execution, he could not recover.
It is, however, true, that the point was not adjudged, and it is hence necessary to now examine it, under the Act. It may be laid down as a safe proposition, that the sheriff can neither sell nor re-sell a debtor’s property, unless he has the warrant of law.' He sells under a ji. fa. by virtue of the authority which it gives to him. Having sold under it, he cannot again sell the same property by virtue of its powers alone. He resells under the authority which the law, in certain contingencies, gives to him. To make his re-sale good, he must shew that they harm occurred. What says the only existing law we have on this subject, the Act of ’39 ? It directs the sheriff to sell for cash; if the purchaser fails to comply, what is to be done ? It tells him, “ proceed to re-sell at the risk of the former purchaser, on the same day, or on some subsequent sale day. as the plaintiff may direct.” The plaintiff in execution gave no direction. In that case, the Act is explicit. It says, “in the absence of any direction by the plaintiff, the sheriff shall re-sell on the same day,if practicable, and if not, on the next succeeding sale day, making in every such case proclamation that he is re-selling at the risk of such defaulting former purchaser.”
In this case, the first re-sale was eight months after the sale; the next was three months afterwards. These unquestionably have not such warrant of law as will charge the purchaser for a loss on the re-sale.
The motion to set aside the non-suit is dismissed.
RichardsoN, J. — Evams, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused.